OPINION
 I {¶ 1} This matter is before the Court upon the Notice of Appeal of Appellant John Harrison, filed November 24, 2004. On October 27, 2004, the Dayton Municipal Court granted Appellee Anthony Comunale's motion to strike the untimely answer and counterclaim of Appellant in this matter and entered a default judgment against Mr. Harrison. It is from that judgment that Appellant appeals.
 II {¶ 2} Appellee filed his complaint in this matter on February 27, 2004. Appellant testified that his mother attempted to serve his responsive pleading (later filed June 2, 2004 with the court) on Appellee at Appellee's office on May 28, 2004, a date within the Ohio Rules of Civil Procedure's answer deadline. Appellee refused to accept the paperwork from her. The answer was subsequently slid under Appellee's office door, when the office was closed, and there was no testimony as to the date and time this occurred.
 {¶ 3} The Municipal Court held a hearing on September 20, 2004 on Appellee's motion to strike Appellant's answer. Appellant's mother did not testify, and the court was unable to determine the exact date of service of Appellant's pleading. Relying upon only the known dates contained in the file, the court determined that Appellant's answer, filed June 2, 2004, was outside of the deadline of the Ohio Rules of Civil Procedure for responsive pleading. Appellant did not file a Motion for Relief from Judgment, pursuant to Civ. R. 60(B).
 III {¶ 4} Appellant's assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S REQUEST FOR DEFAULT JUDGMENT"
 {¶ 6} The trial court's decision herein is subject to an abuse of discretion standard of review. Miller v. Lint (1980), 62 Ohio St.2d 209. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219.
 {¶ 7} The trial court did not abuse its discretion in striking Appellant's answer as untimely. The court was unable to determine when Appellant served Appellee. Relying on its docket, the only date certain was June 2, 2004, the date Appellant filed his answer with the clerk of court. Thus, the trial court concluded, Appellant's answer was not served within 28 days as Civ. R. 12(A)(1) dictates. Appellant's assignment of error is overruled.
 {¶ 8} The judgment of the trial court is affirmed.
Wolff, J. and Fain, J., concur.