DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky Municipal Court.
 {¶ 2} On February 24, 2005, appellant, Ronald Hanson, filed a complaint for breach of contract against appellee, Gary Moore, d.b.a. Moore's Body Shop. Appellant alleged that appellee failed to properly paint and trim his 1994 Ford Lincoln, which *Page 2 
appellant normally displayed at "automobile collector shows." Appellant asked the trial court to award him damages in the amount of $9,500, plus attorney fees and court costs. Appellant's complaint did not request a jury trial.
 {¶ 3} Appellee filed an answer indorsed with a jury demand. However, appellee did not pay an advance deposit with the jury demand as required by Sandusky Municipal Court Loc.R. 7(C) and Loc.R. 18(B). On April 15, 2005, the clerk of the Sandusky Municipal Court sent a notice to appellee, informing him of the fact that he owed the court $750 "for Jury Demand." Appellee never paid the deposit.
 {¶ 4} On September 26, 2005, the municipal court notified the parties that a bench trial would be held on November 23, 2005. On October 26, 2005, appellant filed a motion to strike appellee's answer and grant appellant a default judgment or, in the alternative, "demand" that a jury trial, rather than a bench trial, be held. Appellant argued that appellee filed his answer under the pretext of a jury demand when he never intended to post the deposit required by Sandusky Municipal Court Loc.R. 7(C) and Loc.R. 18(B). Appellant urged that appellee could not, pursuant to Civ.R. 38, unilaterally withdraw the demand for a jury trial because of a "self-imposed technicality."
 {¶ 5} The trial court found appellant's motion not well-taken. The court below held that, under Sandusky Municipal Court Loc.R. 7(C) and Loc.R. 18(B), a party is required to deposit a $750 advance deposit in order to secure a jury in a case involving a civil matter. The court, noting that appellant never filed a jury demand, granted appellant, not appellee, 30 days in which to post the required deposit. *Page 3 
 {¶ 6} Appellant never posted the $750. After a bench trial, the municipal court found in favor of appellee. Appellant appeals this judgment and sets forth the following assignments of error:
 {¶ 7} "AN IMPROVIDENTLY FILED ANSWER SHOULD BE STRICKEN BY THE COURT WHEN THE ANSWER IS NOT FILED IN ACCORDANCE WITH LOCAL RULES; THE COURT'S FAILURE TO STRIKE SAID ANSWER OR MAKE THE PERSON FILING THE ANSWER FOLLOW THE RULE IS AN ABUSE OF DISCRETION.
 {¶ 8} "ONCE A TRIAL COURT ACCEPTS AN ANSWER AND FILES THE ANSWER IN THE COURT WITH A JURY DEMAND WHERE THE LOCAL RULE STATES THAT JURY COSTS MUST BE PAID PRIOR TO ACCEPTANCE OF THE FILING THE TRIAL COURT `WAIVES THE FEE' AND ERRS BY NOT ALLOWING THE CASE TO PROCEED TO TRIAL BY JURY WHEN THE DEFENDANT RENEGES ON PAYMENT OF THE COST WHERE THE PLAINTIFF STILL SEEKS A JURY TRIAL."
 {¶ 9} In his first assignment of error, appellant contends that the trial court erred in failing to strike appellee's answer and jury demand because appellee did not pay the $750 deposit for the cost of a jury at the time that his answer was filed. According to appellant, Loc.R. 7(A) of the Sandusky Municipal Court requires the clerk of that court to refuse an answer containing a jury demand unless the deposit for the costs of a jury is paid at the time that the answer is filed. We disagree. *Page 4 
 {¶ 10} We review a trial court's denial of a motion to strike under an abuse of discretion standard. Comunale v. Harrison, 2d Dist. No. 20804,2005-Ohio-4730, ¶ 6, citing Miller v. Lint (1980), 62 Ohio St.2d 209. An abuse of discretion involves more than an error of law or judgment; it implies that a trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Sandusky Municipal Court Loc.R. 7 reads, in relevant part:
 {¶ 12} "(A) No action or proceeding shall be accepted for filing by the Clerk of this Court unless there first shall be deposited thefiling fee required by this court in the latest revised schedule of costs * * *.
 {¶ 13} "(B) * * *
 {¶ 14} "(C) When a jury trial in a civil case is demanded, the party making the same shall be forthwith required to make an advance deposit in such sum as the Clerk determines as reasonable. The costs of summoning jurors and the fees of jurors shall be apportioned to the respective proceeding and shall be taxed as part of the court costs. The minimum deposit for jury trial shall be $750.00." (Emphasis added.)
 {¶ 15} Sandusky Municipal Court Loc.R. 18(B) reads:
 {¶ 16} "In all civil cases, a [jury] demand shall be accompanied by a deposit of $750.00 for all cases. This rule shall be subject to the Statutes regarding indigents."
 {¶ 17} As can be readily ascertained, Sandusky Municipal Court Loc.R. 7(A) applies to filing fees, not an advance deposit that is required in order to obtain a jury trial. *Page 5 
Moreover, a reading of Sandusky Municipal Court Loc.R. 7(C) and Loc.R. 18(B) together reveals that the burden is on the party demanding a jury trial to provide an advance deposit at the time the jury demand is made. Thus, the Clerk of the Sandusky Municipal Court was not under any duty to refuse appellee's answer indorsed with a jury demand. See Walters v.Griffith (1974), 38 Ohio St.2d 132, 134. In fact, a clerk of courts, as a ministerial officer of the court, has a legal duty to accept and file documents tendered by the parties. State ex rel. Montgomery Cty. Pub.Defender v. Siroki, 108 Ohio St.3d 334, 2006-Ohio-1065, ¶ 10 (citations omitted). Accordingly, the trial court did not abuse its discretion in denying appellant's motion to strike appellee's answer. Appellant's first assignment of error is found not well-taken.
 {¶ 18} In his second assignment of error, appellant maintains that because the trial court accepted an answer indorsed with a jury demand that was not accompanied by the requisite $750 deposit, the court "waived" the deposit and should have allowed the case to proceed to a jury trial.
 {¶ 19} We start with the proposition that all Ohio courts are entitled to adopt rules of local practice so long as those rules are not inconsistent with any rule, including the Civil Rules of Procedure, promulgated by the Ohio Supreme Court. Section 5, Article IV, Ohio Constitution; Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 554. See, also, Civ.R. 83.
 {¶ 20} Civ.R. 38(B) provides that: "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any *Page 6 
time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party."
 {¶ 21} R.C. 1901.26(A)(3), which governs procedure in municipal courts, expressly permits a municipal court to promulgate a local rule requiring a party who makes a jury demand and who is not indigent, to pay an advance deposit. This type of local rule supplements, rather than conflicts with, Civ.R. 38(B). Walters v. Griffiths,38 Ohio St.2d at 133. As such, the demand for a jury trial is not effective, unless or until, the advance deposit is made.
 {¶ 22} In the instant case, appellee never paid the requisite $750 advance deposit. Therefore, the demand for a jury trial was never effective. Furthermore, the record of this cause discloses that the court never "waived" payment of the deposit. First, the Clerk of the Sandusky Municipal Court notified appellee that that the $750 advance deposit had not been paid. Next, the court advised the parties of the date on which a bench, not a jury, trial would be held. Finally, in its decision denying appellant's motion to strike, the court below gave appellant the opportunity to pay the advance deposit if he wanted a jury trial. For these reasons, appellant's second assignment of error is found not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky Municipal court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 7 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1