132

WALTERS, D. B. A. JACK D. WALTERS & ASSOCIATES, APPELLANT, *v.* GRIFFITH, APPELLEE.

(No. 73-724—Decided May 8, 1974.)

*Messrs. Dunbar, Kienzle & Murphey* and *Mr. Alan L. Briggs*, for appellant.

*Mr. Joseph D. Bryan*, for appellee.

Cole, J.  The defendant asserts that Rule 3 of the Franklin County Municipal Court is a violation of the Seventh Amendment to the Constitution of the United States and of Section 5, Article I of the Constitution of Ohio.  Although there may not constitutionally be any impairment or denial of the right of trial by jury, that right may be subject to moderate and reasonable regulation.  The syllabus of *Miller* v. *Eagle* (1917), 96 Ohio St. 106, reads as follows:

"Section 1579-61, General Code, being Section 16 of the Dayton Municipal Court Act (103 Ohio Laws 390), providing that in all civil actions and proceedings the cost of summoning jurors and the fees of jurors shall be taxed as part of the costs, and such costs must be secured in advance by the party demanding jury, is constitutional and valid."

In the instant case, we have a situation identical in principle.  The Municipal Court is a local court, with local rules of general and uniform operation within its special jurisdiction.  The rule involved here is likewise a moderate and reasonable regulation of the right of trial by jury, and is not an impairment of that right.  The rule is not a violation of the constitutional guarantee of either the Ohio or the United States Constitution.

Defendant asserts further that Rule 3 is a violation of Civ. R. 38(B), which provides for a jury demand and the manner in which it may be exercised.  However, the added requirement for an advance deposit to secure costs of a

jury trial is not in opposition, but is supplementary, to Civ. R. 38(B), and hence constitutes a valid rule of court under Civ. R. 38. It is not inconsistent with the basic civil rule.

Concluding then that Rule 3 of the Municipal Court is neither unconstitutional nor invalid, the final question presented concerns the application of that rule to the particular circumstances here involved. The Court of Appeals held that the requirement of a deposit was waived by the clerk in accepting the jury demand for filing. Rule 3 provides that "* * * security for costs in cash shall be deposited with the clerk or bailiff before any petition or subsequent action may be filed * * *." This rule imposes a duty upon the party filing, not upon the clerk. That duty, and the result of failure to observe it, are made specific in Rule 9, which provides that the failure of a party to make the deposit specified by Rule 3 within the ten-day period after filing the jury demand constitutes a waiver of trial by jury.

Rule 3 and Rule 9, together, constitute the governing principle, and to give any effect to the grace period provided by Rule 9, Rule 3 must be interpreted to state the requirement of the deposit, but not to delineate the time the deposit must be made.

Here, no deposit was made. The inaction of the defendant, his failure to act within the specified ten-day grace period, effectively waived his right of trial by jury, and the trial court properly so held.

The judgment of the Court of Appeals is reversed, and the judgment heretofore rendered by the Franklin County Municipal Court is affirmed.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

COLE, J., of the Third Appellate District, sitting for HERBERT, J.