WADE et al., Appellees,

v.

OGLESBY, Appellant.

[Cite as *Wade v. Oglesby* (1991), 74 Ohio App.3d 560.]

Court of Appeals of Ohio,
Huron County.

No. H–90–33.

Decided June 14, 1991.

*John D. Baird,* for appellees.

*Geoffrey L. Oglesby, pro se.*

*Richard B. Hauser,* guardian *ad litem.*

*Per Curiam.*

This case involves the denial of a jury trial by the Huron County Court of Common Pleas, Juvenile Division, in a parentage action. We find that the trial court erred in denying a jury trial in this case and reverse.

Appellant, Geoffrey L. Oglesby, was served with a complaint alleging he was the father of a minor, Rufus Tyrone Wade. The case was set for trial to commence on February 12, 1990. Three days later, appellant filed a jury demand with the trial court. The jury demand was allowed by the trial court, and the case was reset for trial to commence on May 31, 1990.

On April 30, 1990, appellees, Evelyn Wade et al., filed a motion to strike the jury demand on the basis that appellant had failed to deposit $125 with the court within ten days of filing his jury demand as required by local rule. On May 1, 1990, appellant deposited the $125 with the trial court. On May 3, 1990, the trial court granted appellees' motion and struck appellant's jury demand but did not return the $125 to appellant. Instead, the court used the jury deposit as a deposit on court costs.

The case was heard in a trial to the bench on May 31, 1990, and the court subsequently issued its judgment entry in which it found appellant to be the father of the minor child. After the trial, the court returned $72.65 to appellant, which represented the unused portion of his $125 jury deposit. The remainder of the jury deposit was used as court costs.

Appellant has timely appealed to this court with two assignments of error:

"1. The trial court committed prejudicial error and abused its discretion by denying [the] defendant a trial by jury pursuant to Ohio Revised Code, section 3111.12(D).

"2. The trial court erred by admitting [a] lab report when the persons who conducted the study failed to appear and the plaintiff failed to meet the minimal foundation requirements."

At oral argument, appellant moved to withdraw his second assignment of error; said motion was granted.

In his remaining assignment of error, appellant claims that the trial court erred in striking his jury demand. The trial court, in striking appellant's jury demand, relied on its local rule promulgated on January 21, 1977, which states, in pertinent part:

"1. In all paternity actions, either party, [*sic*] may, request a trial by jury pursuant to ORC 3111.15 * * *.

"2. An advance deposit of one-hundred twenty-five dollars ($125.00) shall accompany every jury demand, or be paid into the Court within ten (10) days of filing of the jury demand. Failure to deposit this amount with the Court will be considered to be a waiver of the right to trial by jury."

The trial court held that since appellant filed his jury demand on February 8, 1990, but did not pay the $125 deposit until May 1, 1990, he had waived his right to a jury trial.

Appellant argues that this local rule is "outdated" but it is clear to this court that the local rule has not been repealed and remains in full force and effect. Appellant also argues that the local rule is in conflict with R.C. 3111.12(D),[1] which states:

"Any party to an action brought pursuant to sections 3111.01 to 3111.09 of the Revised Code [an action to establish parentage] may demand a jury trial by filing a demand within three days after the action is set for trial. If a jury demand is not filed within the three day period, the trial shall be by the court."

We see no conflict between the local rule and statute merely because the local rule requires an advance deposit for a jury trial and the statute does not. This issue was addressed by the Supreme Court of Ohio in *Walters v. Griffith* (1974), 38 Ohio St.2d 132, 67 O.O.2d 145, 311 N.E.2d 14, where the court stated:

"[T]he added requirement [by local rule] for an advance deposit to secure costs of a jury trial is not in opposition, but is supplementary, to Civ.R. 38(B) * * *." *Id.* at 133–134, 67 O.O.2d at 146, 311 N.E.2d at 15.

Civ.R. 38(B) is the general rule governing the right to trial by jury. We conclude that if a local rule requiring a jury deposit does not conflict with the Civil Rule in which no mention of a jury deposit is made, neither does a local rule requiring a deposit conflict with a statute in which no mention of a jury deposit is made.

■ Appellant finally argues that if the local jury deposit requirement is valid, he substantially complied with the local rule by depositing $125 with the trial court thirty days before the trial was scheduled. We agree.

The record indicates that appellant filed his jury demand on February 8, 1990, without the required $125 deposit. On February 16, 1990, the trial court sent appellant, by ordinary mail, a copy of the local rule requiring the $125 deposit. On February 21, 1990, a pretrial was held and the trial court filed a judgment entry which stated:

"Mr. Oglesby [appellant] having filed a jury demand, which the court allowed, it is hereby ordered * * * that this matter be scheduled for a trial by jury on the 31st day of May, 1990 * * *."

This order was made more than ten days after the jury demand was filed, the amount of time in which the local rule requires the jury deposit to be made.

---

**1.** R.C. 3111.15 has been modified and renumbered as R.C. 3111.12(D) since this local rule was promulgated. Both sections provide for a trial by jury in parentage actions.

Nine weeks later, appellant paid the $125 deposit, which the court accepted. Two days after the deposit was paid, the trial court, on motion of appellees, struck appellant's jury demand for failure to timely pay the jury deposit but did not return appellant's $125 deposit.

There is a paucity of case law addressing the issue presently before this court. The only case this court has been able to find that is close to being on point is *Walters v. Griffith, supra.* In that case, there was a local rule of the Franklin County Municipal Court which required an advance jury deposit of $10 and another local rule which stated:

"The failure of a party to advance the security costs within ten days after filing the jury demand * * * shall constitute a waiver of trial by jury."

In *Walters,* the defendant had filed a jury demand but had *never* paid the jury deposit. On the day of trial, the defendant was informed by the court that there would be a trial to the bench as he had not paid his jury deposit and therefore the jury trial had been waived pursuant to local rule.

The Supreme Court of Ohio held that the local requirement of a jury deposit was neither unconstitutional nor invalid. It further held that under the circumstances of that case, the trial court properly held that the defendant waived his right to a jury trial by not paying the jury deposit. *Id.* at 134, 67 O.O.2d at 146, 311 N.E.2d at 15.

We find the instant case to be distinguishable from *Walters.* Here, appellant did pay his jury deposit, although it was paid well beyond the ten-day time limit. However, the trial court also granted appellant the right to a trial by jury *after* the ten-day time limit had expired. Further, when the trial court granted appellees' motion to strike appellant's jury demand, it did not return appellant's $125 deposit but used the money as advanced court costs. Under these circumstances, we find that the trial court abused its discretion in not allowing appellant a trial by jury.

We therefore find appellant's first assignment of error to be well taken.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and SHERCK, J., concur.

GLASSER, J., dissents.

GLASSER, Judge, dissenting.

I must respectfully dissent in this matter. The circumstances here are essentially similar to the *Walters* case and the denial of a jury trial in this instance does not constitute an abuse of discretion by the trial court. The

local rule requiring a deposit of $125 within ten days of filing a jury demand is reasonable and in furtherance of the appropriate objective of efficient administration of the trial court.