JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ronald Foster appeals pro se from a judgment rendered against him in the Cleveland Municipal Court in favor of plaintiff-appellee Ebbets Partners, Ltd. in the amount of $ 6,945.67. For the following reasons, we affirm.
 {¶ 2} Plaintiff originally filed its complaint against defendant for breach of contract on a credit card account and a promissory note executed by Key Bank USA and defendant.[1] Defendant filed a counterclaim alleging unfair and deceptive trade practices, violations of the Fair Credit Billing Act and Fair Debt Collection Practice Act and negligent and intentional infliction of emotional distress.
 {¶ 3} The matter was referred to a magistrate for hearing and resolution. On October 2, 2001, the matter came on for trial during which both parties submitted evidence in support of their respective positions. A court reporter was not present during the trial.
 {¶ 4} On November 21, 2001, the magistrate issued her decision with findings of fact and conclusions of law in favor of plaintiff in the amount of $6,945.67 plus interest and costs.
 {¶ 5} On December 19, 2001, the trial court judge approved and confirmed the decision of the magistrate in favor of plaintiff. On January 4, 2002, defendant filed objections to the magistrate's decision. His objections were limited to two issues: (1) the denial of a jury trial and (2) the denial of his motion in limine. No transcript of the proceedings were attached to the objections. No affidavit was attached to the objections.
 {¶ 6} On February 15, 2002, the trial court overruled defendant's objections. This appeal was timely filed with defendant raising four assignments of error. We will address defendant's assignments of error in the order presented.
 {¶ 7} "I. The trial court erred in adopting the magistrate's report because once a party chooses to endorse a demand for a trial by jury all parties are then entitled to a trial by jury unless they collectively choose to waive that right."
 {¶ 8} In his first assignment of error, defendant argues that the trial court erred in denying his request for a jury trial. We disagree.
 {¶ 9} Defendant made a jury demand in his counterclaim. He also made an oral motion for a jury trial on the day of his scheduled trial. However, he did not file a deposit for a jury trial or apply for a waiver of the deposit.
 {¶ 10} A municipal court may enact a local rule that requires an advance deposit for a jury trial. Walters v. Griffith (1974),38 Ohio St.2d 132. The failure to file such a deposit constitutes a waiver of trial by jury. Id.
 {¶ 11} Here, Loc.R. 6.11(B) of the Cleveland Municipal Court Local Rules provides as follows:
 {¶ 12} "The demand for Jury must be in writing, by a separate instrument, or prominent endorsement in the caption of a pleading. A deposit must be made by the party demanding a jury at the time the jury demand is made. The Jury Demand must be filed in compliance with the time frames set forth in Rule 38(B) of the Ohio Rules of Civil Procedures or Rule 23(A) of the Ohio Rules of Criminal Procedure as appropriate. The deposit requirement shall be waived upon the presentation of evidence which establishes the indigency of the party demanding the jury on approval of the Judge assigned to session one. Failure to comply with the provisions of this section shall constitute a waiver of a Jury Trial." [Emphasis added].
 {¶ 13} Since defendant failed to make a proper jury demand, he waived his right to a jury trial and the trial court did not err in denying his request for one. Id. See, also, Bynum v. Huffman (Dec. 20, 1990), Cuyahoga App. No. 57730.
 {¶ 14} Defendant's first assignment of error is overruled.
 {¶ 15} "II. The decision of the magistrate's report, affirming plaintiff award of the appellant was not supported by the preponderance of substantial, reliable and probative evidence."
 {¶ 16} In his second assignment of error, defendant argues that the trial court erred in affirming the magistrate's decision since her decision was not supported by sufficient, competent and credible evidence. While defendant objected to the magistrate's factual findings, he failed to timely file his objections and failed to file a transcript for the trial court to review when ruling on the objection.
 {¶ 17} Civ.R. 53(E)(3) provides in pertinent part:
 {¶ 18} "(a) Within fourteen days of the filing of the magistrate's decision, a party may file written objections to the magistrate's decision.
 {¶ 19} "* * *
 {¶ 20} "(b) Objections to a magistrate's decision shall be specific and state with particularity the ground of objection. If the parties stipulate in writing that the magistrate's findings of facts shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 21} Pursuant to this rule, a party challenging the factual findings of a magistrate is required to provide the trial court with a transcript of the hearing before the magistrate or an affidavit to support the objections. Eash v. Eash (1984), 14 Ohio App.3d 298, 298. A trial court may adopt a magistrate's findings of fact without conducting an independent review of the evidence where the party objecting to the magistrate's report fails to do either of these things. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. An appellate court's role in reviewing a trial court's decision under such circumstances is to determine whether the trial court abused its discretion in applying the law to the facts. Id.
 {¶ 22} Here, defendant filed objections to the magistrate's decision on January 4, 2002, 45 days after the magistrate filed her decision. Thus, his objections were not timely filed. In addition, defendant failed to file a transcript of the magistrate's hearing or an affidavit in support of his positions as required by Civ.R. 53. The trial court was thus incapable of conducting an independent review of the magistrate's conclusion that defendant owed $6,145.67 plus costs and interest on the breach of contract claim. Accepting the magistrate's factual conclusion on this issue, we conclude that the trial court did not abuse its discretion by finding defendant in breach of contract on his credit card account and promissory note issued by Key Bank. Ibid.
 {¶ 23} Defendant's second assignment of error is overruled.
 {¶ 24} "III. Due process of law."
 {¶ 25} In his third assignment of error, defendant argues that he was not provided with a "meaningful hearing" and that "he had no opportunity to interview witnesses, request witnesses to testify at the hearing, have discovery and adequately prepare a proper defense." As previously stated, defendant did not raise any objections to the magistrate's decision in this regard. A party's failure to object to a magistrate's decision in the trial court waives his right to appeal the matter. Asad v. Asad (1999), 131 Ohio App.3d 654. Under Civ.R. 53(E)(3)(b), "a party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 26} Nonetheless, we find that defendant failed to show that he was denied a meaningful hearing. The record shows that defendant chose to represent himself, pro se, in these proceedings. He propounded two sets of discovery to the plaintiffs, both of which were answered timely. The magistrate held at least two meetings concerning discovery issues. At trial, defendant testified on his own behalf and cross-examined plaintiff's witness. He presented no additional witness testimony or documentation to support his claims.
 {¶ 27} Defendant's third assignment of error is overruled.
 {¶ 28} "IV. Report of referred [sic] and journal entry fail to allow appellant fourteen days to file objections."
 {¶ 29} In his fourth assignment of error, defendant argues that the trial court should not have adopted the magistrate's decision before it reviewed his objections thereto. We disagree.
 {¶ 30} As previously stated, defendant did not timely file his objections to the magistrate's decision. Thus, the trial court properly overruled them.
 {¶ 31} Defendant also argues that the magistrate failed to verify the underlying debt. Again, defendant did not raise any objections to the magistrate's decision in this regard and has waived his right to appeal the matter.
 {¶ 32} Defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] Ebbets Partners purchased defendant's account along with a large group of other delinquent accounts from Key Bank USA.