OGDAHL et al., Appellants,

v.

DROWN et al., Appellees, et al.

[Cite as *Ogdahl v. Drown*, 168 Ohio App.3d 49, 2006-Ohio-3376.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1340.

Decided June 30, 2006.

50

Michael J. Leizerman and Ronald F. Leonhardt, for appellants.

Alan B. Dills, for appellee.

Skow, Judge.

{¶ 1} Appellants, Thomas and Suzanne Ogdahl, appeal the judgment of the Lucas County Court of Common Pleas granting judgment to appellee, Allen Drown.[1] For the following reasons, we affirm.

---

1. Codefendant Douglas Wilson was dismissed by plaintiff pursuant to Civ.R. 41(A)(1)(a).

{¶ 2} Appellants commenced this action against appellee for personal injuries arising from an automobile accident. In their complaint, appellants demanded a jury trial. Appellee also made a jury demand in his answer. The pretrial order set the trial date for Monday, June 27, 2005, and further stated: "Effective 2/1/2004, and in accordance with Gen. R. 5.07(F), the first party to request a jury demand shall deposit $200.00 with the Clerk of Courts by noon on the Friday *prior* to the week during which the civil trial is to proceed. Failure to deposit the proper funds may result in a jury panel not being ordered for your case." (Emphasis sic.) Appellants did not pay the required fee by the Friday before the trial, but appellee, upon learning that the fee had not been paid, tendered the $200 the following Monday before trial.

{¶ 3} Transcripts show that before trial, appellants objected to the jury because, they argued, both parties were obligated to pay the fee. Because neither party had complied with Loc.R. 5.07(F), they argued, both had waived their right to a jury trial. In their briefs, appellants stated that they had purposefully not paid the jury fee because they wanted the matter tried before the bench rather than a jury. Appellee argued at trial and in his brief that he had no notice that the jury fee had not been paid and therefore never had an opportunity to comply with the rule in order to preserve his right to a jury trial. The judge allowed appellee to pay the jury fee, and the matter proceeded before a jury. The jury returned a verdict for appellee, and appellants filed this present appeal.

{¶ 4} Appellants assert a sole assignment of error:

{¶ 5} "The trial court erred as a matter of law by allowing defendant to pay a jury deposit on the day of trial requiring plaintiff to try his case to the jury instead of the bench, all to the appellants' prejudice."

{¶ 6} Loc.R. 5.07(F) of the Lucas County Court of Common Pleas provides: "JURY FEE. The party who filed the first jury demand must deposit $200.00 by noon on the Friday prior to the scheduled trial date."

{¶ 7} A trial court may not impose a local rule that opposes Ohio's Rules of Civil Procedure. *Walters v. Griffith* (1974), 38 Ohio St.2d 132, 133–134, 67 O.O.2d 145, 311 N.E.2d 14. In *Walters,* the Supreme Court of Ohio held constitutional a municipal court requirement that a party demanding a jury trial deposit $10 with the court and that "failure of a party to advance the security costs within ten (10) days after filing the jury demand * * * shall constitute a waiver of trial by jury." Id. at paragraph one of the syllabus. The court found that the municipal court's additional requirements supplemented, rather than conflicted with, Civ.R. 38(B)'s requirements for demanding a jury trial. Id. at 133–134, 67 O.O.2d 145, 311 N.E.2d 14.

{¶ 8} Appellants argue that the Lucas County Court of Common Pleas' decision in *Skiadas v. Finkbeiner* (Feb. 16, 2005), Lucas C.P. No. CI 2003–4241, takes discretion away from judges to order a jury trial if parties do not comply with a local rule. In *Skiadas,* the judge denied a jury trial to plaintiff who had demanded a jury trial but failed to pay the jury fee pursuant to Loc.R. 5.07(F). Appellants' argument, however, directly contradicts Civ.R. 39(B), which provides:

{¶ 9} "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, *the court in its discretion upon motion may order a trial by a jury of any or all issues.*" (Emphasis added.)

{¶ 10} Appellants' interpretation of Loc.R. 5.07(F) would conflict with Civ.R. 39(B), which vests discretion with the judge to order a jury trial. A local rule may not oppose Ohio's Rules of Civil Procedure. *Walters,* 38 Ohio St.2d at 133–134, 67 O.O.2d 145, 311 N.E.2d 14. Therefore, the court's decision in *Skiadas* may not be interpreted to remove this discretion.

{¶ 11} Appellants further contend that ordering a jury trial worked to their prejudice. Because they had prepared witnesses and evidence with the expectation of trying their case before the bench, appellants assert that they were "forced to alter [their] trial strategy within a matter of minutes" upon learning that the matter would be tried before a jury.

{¶ 12} The standard for reviewing a Civ.R. 39(B) motion for trial by jury is whether the judge abused her discretion. *Dublin Transp., Inc. v. Goebel* (1999), 133 Ohio App.3d 272, 286–287, 727 N.E.2d 938. An abuse of discretion involves "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} Loc.R. 5.07(F) essentially allows the first party demanding a jury trial to force his or her opponent into a bench trial merely by failing to pay the jury fee. The first party may pay the fee any time before noon on the Friday before trial is to begin. Not only does the rule fail to notify the second party demanding a jury trial of his or her obligation to pay the jury fee, it does not create the option for the second party to pay the fee. Therefore, the second party never has an opportunity to pay the fee in order to preserve his or her right to a jury trial. Even if the rule explicitly allowed the second party to pay the fee, the rule does not require that notice be given to the second party that the first party failed to pay. Under the rule, to preserve his or her right to a jury trial, the second party must be at the court at noon the Friday before trial to tender the jury fee in case the first party fails to do so.

{¶ 14} Therefore, appellants' argument rings hollow. Appellee could have likewise spent several months preparing his evidence and witnesses with the expectation of trying his case before a jury. Moreover, appellee would have had only a weekend (if that) to alter his trial strategy upon learning the matter would be tried before the bench. Appellants knew—perhaps well before trial—that they planned to not pay the jury fee. Appellee was not afforded such knowledge, because the rule failed to provide notice or opportunity to appellee to secure a jury trial in this event. Even assuming that the pretrial order notified appellee of his obligation to pay the fee, Loc.R. 5.07(F) would still require appellee to be ready and waiting at the court on the Friday before trial at noon to tender the fee. Appellants may well have known that appellee would not have determined whether the fee was paid. Thus, it cannot be said that appellants suffered more prejudice than they attempted to inflict on appellee.

{¶ 15} The judge noted in court before trial that the rule "is of some concern" and "needs to be revisited." We agree. The language of Loc.R. 5.07(F) does not require any party to pay the jury fee except the first to demand a jury trial. Interpreting this rule to require payment by any party except the first may obstruct subsequent parties' right to a jury trial when those subsequent parties have no notice of their obligation to pay the jury fee. A better local rule would clearly provide notice to *all parties* of their obligation to pay the jury fee.

{¶ 16} Moreover, a better local rule would clearly state the consequences of failing to obey the rule. Civ.R. 38(A) provides: "The right to trial by jury shall be preserved to the parties inviolate," and no local rule may oppose Ohio's Rules of Civil Procedure. *Walters,* 38 Ohio St.2d at 133–134, 67 O.O.2d 145, 311 N.E.2d 14. Loc.R. 5.07(F) might conflict with Civ.R. 38(A) if it denies a party the right to a jury trial without stating that waiver of this right is a possible consequence of failing to obey the rule.

{¶ 17} Finally, Loc.R. 5.07(F) creates the possibility of mischief by allowing the first party demanding a jury trial to trap his opponent into a bench trial. A better rule would require the first party demanding a jury trial to pay the jury fee *two Fridays* before trial. This would allow other parties demanding a jury trial one week to pay the jury fee in order to preserve their right to a jury trial. Another option is to require *all parties* demanding a jury trial to pay a jury fee. No party would be required to follow up with the court to make certain that other parties have complied with the rule.

{¶ 18} The judge clearly understood the potential problems posed by Loc.R. 5.07(F) and did not act arbitrarily by ordering a jury trial. We cannot hold her decision unreasonable or unconscionable. Therefore, we find no abuse of discretion. Appellants' sole assignment of error is not well taken.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

SINGER, P.J., and HANDWORK, J., concur in judgment.

SINGER, Presiding Judge.

{¶ 20} I concur in the judgment. The trial judge voiced some concerns regarding the local rule. Judge Skow's decision refers to the constitutional considerations. I, however, hesitate to go beyond those admonitions. If the common pleas court wishes to revise the rule, I would leave it to those trial court judges to fashion a rule tailored to the particular circumstances of their court.

HANDWORK, Judge.

{¶ 21} I concur in the judgment and additionally agree with Judge Singer. The language of any new rule should be determined by the trial court.