[Cite as *Am. Hotel Group, L.L.C. v. Wyandotte Plaza, L.L.C.*, 2017-Ohio-5520.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

American Hotel Group, LLC, :

      Plaintiff-Appellant, : No. 16AP-296
(C.P.C. No. 14CV-7061)

v. :

      (REGULAR CALENDAR)

Wyandotte Plaza, LLC, et al., :

      Defendants-Appellees. :

D E C I S I O N

Rendered on June 27, 2017

**On brief:** *David M. Lynch*, for appellant. **Argued:** *David M. Lynch.*

**On brief:** *Carpenter Lipps & Leland, LLP, Michael H. Carpenter, Katheryn M. Lloyd,* and *Michael N. Beekhuizen*, for appellees. **Argued:** *Katheryn M. Lloyd.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, American Hotel Group, LLC, appeals from a judgment entry of the Franklin County Court of Common Pleas entering judgment in favor of defendants-appellees, Wyandotte Plaza, LLC, Lawrence G. Rubin, and Wyandotte Commons Whitehall Limited Liability Company on American Hotel Group's claims of fraud, breach of contract, and unjust enrichment. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On July 8, 2014, American Hotel Group filed a complaint against appellees asserting claims of fraud, breach of contract, and unjust enrichment. American Hotel Group also specifically included a jury demand in its complaint but did not submit a jury deposit at that time. Appellees initially responded to the complaint with a July 28, 2014 motion to dismiss. However, the trial court denied appellees' motion to dismiss in a

March 30, 2015 entry. Subsequently, on April 13, 2015, appellees filed an answer to the complaint. Appellees also included a jury demand in their answer, but they did not submit a jury deposit.

{¶ 3} On July 16, 2015, following a July 10, 2015 status conference, the trial court issued a journal entry setting the trial date for February 29, 2016 and setting the final pretrial conference for February 25, 2016.

{¶ 4} In the time before trial, the parties submitted various filings. On February 23, 2016, the trial court issued an entry (1) denying appellees' motion to compel discovery; (2) denying American Hotel Group's motion for additional time to respond to appellees' motion for order to show cause; (3) denying as moot American Hotel Group's motion to file affidavit instanter to be attached to respond to appellees' motion for an order to show cause; (4) denying appellees' motion for an order for American Hotel Group to show cause; (5) denying appellees' motion for leave to file a memorandum in excess of 15 pages in support of their motion for summary judgment; and (6) denying appellees' motion for leave instanter to file a motion for summary judgment and memorandum in support thereof in excess of 15 pages.

{¶ 5} The trial court conducted the final pretrial conference on Thursday, February 25, 2016. The next day, on Friday, February 26, 2016 at 4:58 p.m., counsel for appellees sent an email to the trial court and to American Hotel Group indicating appellees would no longer seek a jury trial. On Sunday, February 28, 2016, the day before trial, American Hotel Group submitted an electronic filing electing to dismiss its breach of contract and unjust enrichment claims and proceed only on its fraud claim. Prior to the start of trial on Monday, February 29, 2016, American Hotel Group posted a $300 deposit with the Franklin County Clerk of Courts.

{¶ 6} The parties appeared for trial on Monday, February 29, 2016, and the trial court noted that appellees waived their jury demand the day after the final pretrial conference on Friday, February 26, 2016. The trial court then stated that because American Hotel Group had not paid the jury demand by the Friday before the trial date, in violation of Loc.R. 9.07, the matter would proceed as a bench trial. Counsel for American Hotel Group objected to the court not permitting the jury trial, and the matter proceeded.

{¶ 7} Following a four-day bench trial, the trial court ruled in favor of appellees, journalizing its decision in a written decision dated March 17, 2016. That same day, the trial court issued a judgment entry dismissing American Hotel Group's case on the merits and entering final judgment for appellees. American Hotel Group timely appeals.

## II. Assignment of Error

{¶ 8} American Hotel Group assigns the following error for our review:

> The trial court committed error when the court denied American Hotel Group LLC its right to trial by jury.

## III. Motion to Supplement the Record

{¶ 9} Before we address the merits of American Hotel Group's assignment of error, we must address its motion to supplement. Concurrent with its merit brief, American Hotel Group also filed with this court a motion to supplement the record with additional evidence allegedly showing the availability of prospective jurors on the morning of trial. More specifically, American Hotel Group seeks to supplement the record with an email from an employee of the clerk of court's office listing the cases for which jurors were pulled on the morning of February 29, 2016. American Hotel Group asserts this additional evidence tends to demonstrate the trial court abused its discretion in not permitting a jury trial to proceed because jurors were, indeed, available on the morning of trial.

{¶ 10} App.R. 9(E) provides, in pertinent part:

> If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

Thus, as this court has previously noted, "pursuant to App.R. 9(E), the reviewing court may only add material that was not made a part of the original record by accident but was in fact considered by the trial court in rendering its decision." *McGeorge v. McGeorge*, 10th Dist. No. 00AP-1151 (May 22, 2001). "Further, it is axiomatic that an appellate court cannot add material to the record that was not a part of the trial court's proceedings and

then decide the appeal on the basis of a new matter." *Id.*, citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978).

{¶ 11} Here, it is undisputed that the documents with which American Hotel Group wishes to supplement the record were not before the trial court. *McGeorge*. Accordingly, we may not consider the new evidence submitted by American Hotel Group, and we deny its motion to supplement the record.

## IV.  Analysis – Compliance with Local Rule

{¶ 12}  In its sole assignment of error, American Hotel Group argues the trial court erred when it denied American Hotel Group's request for a jury trial and instead proceeded to a bench trial.

{¶ 13}  "Local court rules, requiring an advance deposit as security for the costs of a jury trial and providing that the failure of a party to advance such deposit constitutes a waiver of the right to a trial by jury, are moderate and reasonable regulations of the right of trial by jury, and are constitutional and valid." *Walters v. Griffith*, 38 Ohio St.2d 132 (1974), syllabus.  A trial court retains discretion to grant or deny a request for a jury trial where a party fails to comply with the applicable local rule, and we review that decision for an abuse of discretion. *Safe Auto Ins. Co. v. Hasford*, 10th Dist. No. 08AP-249, 2008-Ohio-4897, ¶ 51.  An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14}  At issue here, Loc.R. 9.07 of the Franklin County Court of Common Pleas, General Division provides "[t]he first party making a jury demand in a civil action before this court, shall deposit $300 with the clerk of courts no later than the Friday before the trial date reflected in the case schedule.  Failure to deposit $300 within the time allotted shall constitute a waiver of jury."  American Hotel Group admits it did not "technically" comply with the local rule and failed to make its jury deposit by the Friday before the trial date.  (American Hotel Group Brief at 15.)  However, American Hotel Group argues the trial court abused its discretion in not permitting the jury trial to go forward because it submitted a jury deposit the morning of trial, asserting this late deposit amounts to substantial compliance with the local rule.

{¶ 15} American Hotel Group relies on this court's decision in *Hasford* which held the trial court did not abuse its discretion in permitting a jury trial to go forward where

both parties had initially requested a jury demand, and, despite Hasford's initial failure to comply with Loc.R. 9.07, the trial court permitted Hasford to pay the jury deposit on a break just prior to commencing trial. *Hasford* at ¶ 49-51.

{¶ 16} Though we concluded the trial court did not abuse its discretion in *Hasford* in permitting a jury trial to proceed despite lack of strict compliance with Loc.R. 9.07, American Hotel Group does not explain how the trial court here abused its discretion by enforcing the local rule as written. American Hotel Group asserts it did not know it needed to pay the jury deposit until 4:58 p.m. on the Friday before trial when it learned appellees would no longer seek a jury trial, and American Hotel Group asserts it attempted to remedy the situation first thing Monday morning by depositing the jury sum. However, the language of Loc.R. 9.07 is clear that the responsibility of paying the jury deposit rests with the first party to make the jury demand. Thus, regardless of whether appellees waited until the last minute to abandon their jury demand, American Hotel Group always bore the responsibility of paying the jury demand within the time allotted by the local rule as American Hotel Group was the first party to make the jury demand. We find no abuse of discretion in the trial court enforcing Loc.R. 9.07 of the Franklin County Court of Common Pleas and not permitting a jury trial to proceed where American Hotel Group did not submit a jury deposit until the morning of trial. Accordingly, we overrule American Hotel Group's sole assignment of error.

## V. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not abuse its discretion in proceeding to a bench trial where American Hotel Group failed to timely submit a jury deposit in accordance with the applicable local rule. Having denied American Hotel Group's motion to supplement and having overruled American Hotel Group's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed;*
*motion to supplement denied.*

BROWN and HORTON, JJ., concur.