JOURNAL ENTRY and OPINION
{¶ 1} Appellant Laquita Jarmon appeals the trial court's failure to include work performed by her attorney's law clerks in her award of attorney fees. She assigns the following error for our review:
"I. The trial court committed reversible error when it limitedits award of attorney's fees [sic] under R.C. 1345.09(F) so thatit compensated only work billed by the attorney himself and notwork billed by his law clerk."
 {¶ 2} Having reviewed the record and pertinent law, we reverse and remand to the trial court for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} Jarmon sued appellee Friendship Auto Sales, Inc. ("Friendship"), claiming numerous violations of the Ohio Consumer Sales Practices Act (CSPA), the Ohio Retail Installment Sales Act (RISA), and conversion of Jarmon's vehicle. At trial, the jury found that Friendship violated RISA by failing to provide notice of repossession and disposition of Jarmon's car, violated the CSPA in so doing, and, in addition, converted Jarmon's car. The jury awarded Jarmon $2,500 in compensatory damages.
 {¶ 4} The trial court held a separate hearing to determine the amount of treble damages and attorney fees. The trial court awarded treble damages in the amount of $7,500. Although Jarmon requested $12,831 in legal fees, the court awarded her fees in the amount of $3,549.50.
 Attorney Fees {¶ 5} In her sole assigned error, Jarmon contends the trial court erred by failing to include work performed by her attorney's law clerks in the attorney fee award.
 {¶ 6} R.C. 1345.09(F)(2) provides that a "court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed if * * * the supplier has knowingly committed an act or practice that violates this chapter." In this case, the jury found that Friendship knowingly violated the relevant CSPA provisions, which entitled her to attorney fees.
 {¶ 7} In Bittner v. Tri-County Toyota, Inc.[1] the Ohio Supreme Court stated the following considerations apply in considering the reasonable amount of attorney fees to award in a consumer case:
"When awarding reasonable attorney fees pursuant to R.C.1345.09(F)(2), the trial court should first calculate the numberof hours reasonably expended on the case times an hourly fee, andthen may modify that calculation by application of the factorslisted in DR 2-106(B). These factors are: the time and laborinvolved in maintaining the litigation; the novelty anddifficulty of the questions involved; the professional skillrequired to perform the necessary legal services; the attorney'sinability to accept other cases; the fee customarily charged; theamount involved and the results obtained; any necessary timelimitations; the nature and length of the attorney/clientrelationship; the experience, reputation, and ability of theattorney; and whether the fee is fixed or contingent. All factorsmay not be applicable in all cases and the trial court has thediscretion to determine which factors to apply, and in whatmanner that application will affect the initialcalculation."[2]
 {¶ 8} When making the fee award under R.C. 1345.09(F)(2), the trial court must state the basis for the fee determination in order to aid appellate review of the reward.[3] In the instant case, the court stated as follows in awarding the fees: "The court awards attorney's fees for the work completed by attorney Joseph Romano at $125.00 an hour in the amount of $3,549.50."[4]
 {¶ 9} Although Friendship contends there is no evidence the trial court disregarded the fees attributed to the law clerks, we conclude the record is devoid of any evidence that the trial court followed Brittner and did consider the law clerks' fees. The court stated it was awarding fees "for the work completed by attorney Joseph Romano at $125.00 an hour." The trial court did not mention the fees for the law clerks. Also, at the fee hearing, Friendship's lawyer specifically asked the court not to allow any fees incurred by the law clerks. Interestingly, all of the law clerks' hours were redacted from Jarmon's affidavit, where the fees were itemized. The record strongly suggests that the trial court disregarded the law clerks' fees.
 {¶ 10} This court and other courts have held, that, legal fees incurred as a result of work performed by law clerks or legal interns should be taken into account when awarding attorney fees.[5] As we stated in Jackson v. Brown,[6] the use of law clerks may decrease litigation expenses since they are charged at a lower rate; therefore, their use should not be discouraged.
 {¶ 11} The affidavit indicates the clerks drafted the complaint, various motions, including a motion for summary judgment, and the trial brief. The trial court's award, which was $74 over the fees incurred solely by attorney Romano, fails to take into account the work performed by the law clerks. We appreciate that Jarmon recovered a relatively minor award; this does not dictate the attorney fees should be correspondingly limited. As the court in Bittner held:
"[W]e reject the contention that the amount of attorney feesawarded pursuant to R.C. 1345.09(F) must bear a directrelationship to the dollar amount of the settlement, between theconsumer and the supplier. The Act was amended in 1978 to includethe payment of attorney fees `* * * to prevent unfair, deceptive,and unconscionable acts and practices, to provide strong andeffective remedies both public and private, to assure thatconsumers will recover any damages caused by such acts andpractices, and to eliminate any monetary incentives for suppliersto engage in such acts and practices.'(137 Ohio Laws, Part II,3219).
 "In order for private citizens to obtain redress under theAct, they first must be able to obtain adequate representation.Private attorneys may be unwilling to accept consumer protectioncases if the dollar amount they are permitted to bill theiradversary is limited by the dollar amount of the recovery,especially since monetary damages in many instances under the Actare limited to $200. An attorney may expend inordinately largeamounts of time and energy pursuing a claim that reaps relativelysmall monetary benefits for a prevailing plaintiff. * * *Prohibiting private attorneys from recovering for the time theyexpend on a consumer protection case undermines both the purposeand the deterrent effect of the Act."[7]
 {¶ 12} Finally, we note the trial court does have discretion to limit the amount of fees it awards in relation to the work performed by the law clerk when it finds the factors listed inBittner dictate a lesser amount. Accordingly, Jarmon's sole assigned error is sustained.
Judgment reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Gallagher, J., concur.
[1] Bittner, supra at 146.
[2] Id. at 145-146.
[3] Id.
[4] Journal Entry, June 1, 2005.
[5] Jackson v. Brown (1992), 83 Ohio App.3d 230, 232;Non-Employees of Chateau Estates Resident Ass'n v. ChateauEstates, Ltd., 2nd Dist. No. 2004 CA 19, 2003, CA 20,2004-Ohio-3781; Ron Scheiderer Associates v. City of London
(Aug. 5, 1996), 12th Dist. No. CA95-08-022, CA95-08-024.
[6] Id.
[7] Id. at 144.