[Cite as *Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, 2023-Ohio-229.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESTATE OF KATHERINE TOMLINSON | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MEGA POOL WAREHOUSE, INC. | : | |
| STEPHEN GOLD | : | Case No. 22 CAE 03 0020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Court of Common Pleas, Case No. 18 CV H 06 0317

JUDGMENT:           Affirmed in Part, Reversed in Part and Remanded

DATE OF JUDGMENT:           January 26, 2023

APPEARANCES:

For Plaintiff-Appellee

MICHAEL E. REED
MARC J. KESSLER
ELISE K. YARNELL
65 East State Street
Suite 1400
Columbus, OH 43215

For Defendant-Appellant

JONATHON L. BECK
NATALIE M. E. WAIS
ANTHONY V. GRABER
130 W. Second Street
Suite 1500
Dayton, OH 45402

*Wise, Earle, P.J.*

{¶ 1}  Defendants-Appellants Mega Pool Warehouse Inc., et al appeal four judgments of the Delaware County Court of Common Pleas, specifically the August 6, 2020 judgment entry denying appellants motion to hold a jury trial in January 2021, the November 19, 2021 Findings of Fact, Conclusions of Law and Entry of Verdict, the January 7, 2022 Judgment Entry Granting Plaintiff's Application for Attorney Fees and Awarding Damages, and the February 18, 2022 Judgment Entry Denying Defendant's Motion for New Trial. Plaintiff-Appellee is the Estate of Katherine Tomlinson.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

{¶ 2}  Mega Pool does not dispute the underlying facts. The general facts are as follow.

{¶ 3}  In 2016, Mega Pool and its sole shareholder Stephen Gold contracted with appellee Katherine Tomlinson to install a pool, remove an existing deck, and install a new deck at Tomlinson's home. The contract price was $75,000 payable as a $7,500 deposit, $33,250 on delivery of the pool, $33,250 on installation of the liner, and $1,000 retainage due upon completion. The contract provided for liquidated damages and attorney fees in the event of a breach by Tomlinson, but no reciprocal provision in the event of a breach by Mega Pool. The contract additionally contained a mutual waiver of a right to a jury trial.

{¶ 4}  The contract at issue covered only the pool and the concreate deck. Mega Pool, however, performed additional work outside the contract without a cost estimate and without reducing the change orders to writing. Mega Pool accepted a $10,000 advance payment from Tomlinson for the extra work. In later communications Mega Pool asked for further payment, indicated it would accept an additional payment of $15,000 as

payment in full for total payments of $99,000, but then later kept changing the amount owed.

{¶ 5}   When Tomlinson refused to make further payment, Mega Pool refused to complete the work. Gold told Tomlinson none of his subcontractors would complete any additional work, and stated he would withhold any warranty work until he was paid. Tomlinson had to hire another contractor to clean up debris left on her property by Mega Pool. Additionally, the pool installed by appellant was defective in many regards. Because the cost to repair the defects was greater than the replacement cost of the pool, the pool had to be replaced.

{¶ 6}   On June 18, 2018, Tomlinson filed a complaint against Mega Pool alleging breach of contract, breach of warranty, negligent workmanship, and violations of the Consumer Sales Practices Act (herein CSPA). Tomlinson made a jury demand and on July 25, 2019, paid a jury deposit as required by the Local Rules of Practice of the Delaware County Court of Common Pleas (Loc.R.) 25.04. The rule requires a jury deposit be made at least 60 days before the scheduled trial date.

{¶ 7}   Following numerous continuances and an unsuccessful court-ordered mediation, a jury trial was scheduled for September 8, 2020. Mega Pool moved the trial court to again continue the matter to January of 2021. Because this would constitute the sixth continuance, and further due to scheduling difficulties, the magistrate conducted a telephone conference with the parties to determine if they would be amenable to a bench trial which could take place on the scheduled date. Tomlinson chose to abandon her jury deposit and agreed to a bench trial. Mega Pool, however, refused to consent to a bench

trial, and filed a written objection. On August 6, 2020, the trial court overruled Mega Pool's objection based on its failure to pay the jury deposit required by Loc.R. 25.04.

{¶ 8} The matter proceeded to a bench trial on September 8-9, 2020. The parties submitted proposed findings of fact and conclusions of law. Mega Pool argued in part that the CSPA was inapplicable to the installation of an in-ground swimming pool and that they were unjustly denied a jury trial. On November 19, 2021, the trial court issued its Findings of Fact, Conclusions of Law, and Entry of Verdict. The trial court found in favor of Tomlinson on her claims for breach of contract, breach of warranty, and violations of the CSPA. The trial court found in favor of Mega Pool on the negligence claim. The court awarded damages and compensation to Tomlinson along with treble damages under the CSPA.

{¶ 9} On December 20, 2021, Tomlinson's estate[1] submitted an application for attorney fees. Mega Pool did not file a response before the trial court's January 7, 2022 decision granted the estate's application in full, awarded damages, and noted its judgment constituted a final appealable order.

{¶ 10} On February 3, 2022, Mega Pool filed a motion for a new trial. The motion raised the same issues appellant raises here on appeal. On February 18, 2022, the trial court denied Mega Pool's motion.

{¶ 11} Mega Pool filed an appeal and the matter is now before this court for consideration. It raises three assignments of error as follow:

---

[1] Tomlinson passed away shortly after trial.

I

{¶ 12} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FINDING THE CSPA APPLICABLE TO THE UNDERLYING DISPUTE REGARDING THE INSTALLATION OF A DECK AND IN-GROUND POOL."

II

{¶ 13} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY AWARDING LITIGATION COSTS, EXPERT WITNESS FEES, PARALEGAL FEES, AND NON-CSPA ATTORNEY FEES UNDER THE CSPA."

III

{¶ 14} "THE TRIAL COURT DENIED APPELLEES [SIC] THEIR CONSTITUTIONAL RIGHT TO A JURY TRIAL WHERE APPELLEE'S JURY DEMAND WAS PERFECTED UNDER THE LOCAL AND CIVIL RULES AND APPELLANTS OBJECTED TO THE WITHDRAWAL OF IT."

I

{¶ 15} In its first assignment of error, Mega Pool argues the trial court committed an error of law by finding the CSPA applicable to the installation of a swimming pool and deck. We disagree.

### Standard of Review

{¶ 16} Appellant's motion for a new trial was raised pursuant to Civ.R. 59(A)(1) and (9). A motion for a new trial premised upon "error of law occurring at the trial and brought to the attention of the trial court" under Civ.R. 59(A)(9), is reviewed under a de novo

standard. *Sully v. Joyce*, 10th Dist. No. 10AP-1148, 2011-Ohio-3825, ¶ 8, citing *Ferguson v. Dyer*, 149 Ohio App.3d 380, 383, 2002-Ohio-1442, 777 N.E.2d. 850.


### Applicability of the CSPA

{¶ 17} The CSPA applies to consumer transactions and prohibits unfair, deceptive, or unconscionable acts or practices by suppliers in consumer transactions whether they occur before, during, or after the transaction. R.C. 1345.02(A). A "consumer transaction" is defined by R.C. 1345.01(A) as:


> A sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 [companies subject to the public utilities commission] and 5725.01 [financial institutions, stock brokers, insurance companies] of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions involving a home construction service contract as defined in section 4722.01 of the Revised Code; * * *.

{¶ 18} R.C. 4722.01 et seq. contains The Home Construction Services Suppliers Act (HCSSA). Enacted in August of 2012, the HCSSA also prohibits certain deceptive acts in home construction service and seeks to protect individual homeowners entering into such contracts.

{¶ 19} Mega Pool argues the installation of the pool and deck in this matter was not subject to the CSPA, but rather the HCSSC. According to Mega Pool, the construction of a deck and swimming pool is specifically exempt from the definition of a consumer transaction under the CSPA as a transaction "involving a home construction service contract."

{¶ 20} R.C. 4722.01(C) defines "home construction service contract" as "a contract between an owner and a supplier to perform home construction services, including services rendered based on a cost-plus contract, for an amount exceeding twenty-five thousand dollars." R.C. 4722.01(B) defines "home construction service" as "[T]he construction of a residential building." R.C. 4722.01(F) defines "residential building" as "a one-, two-, or three-family dwelling and any accessory construction incidental to the dwelling."

{¶ 21} Mega Pool argues the CSPA does not apply to the transaction at issue because a swimming pool is "an accessory construction incidental to the dwelling" and therefore covered by R.C. 4722.01(F). As noted by the parties herein, "accessory construction" is not defined in R.C. 4722.01.

{¶ 22} Both parties direct this court to several cases in support of their respective positions regarding the status of a swimming pool as an "accessory construction." None of the cited cases, however, address the question of whether or not a pool is an

"accessory construction" pursuant to R.C. 4722.01. But we do not believe the question is relevant to the matter at hand. R.C. 4722.01 applies to the construction of a residential building *and* any accessory construction incidental to the construction of that building.

{¶ 23} Recently, in *Beder, et al v. Cerha Kitchen and Bath Designs Studio, LLC, et al*, 11th Dist. Geauga No. 2022-G-0008, 2022-Ohio-4463, Judge Westcott Rice dissenting, the 11th District found the CSPA and not the HSCCA applies to a home remodeling contract as the CSPA applies to transactions involving an already-existing construction and the HSCCA applies to new constructions. In arriving at its decision, the court noted:

> The Supreme Court of Ohio has previously defined "construct" as " 'to *build*; put together; make ready for use" and "construction" as " '[t]he *creation of something new*, as distinguished from the repair or improvement of something already existing.' " (Emphasis sic.) *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 382 627 N.E.2d 538 (1994), quoting Black's Law Dictionary 312 (6th Ed.1990); see also *United States v. Narragansett Improvement Co.,* 571 F.Supp. 688, 693 (D.R.I. 1983) ("The uniform conclusion is that 'construction' imports the creation of something new and original that did not exist before").

{¶ 24} *Id.*, ¶ 13.

{¶ 25} We find the addition of the swimming pool and improvement of the existing concreate deck at Tomlinson's home was an improvement to an already-existing home. Accordingly, we find the transaction covered by the CSPA and not the HSCCA.

{¶ 26} The first assignment of error is overruled.

II

{¶ 27} In its next assignment of error, Mega Pool argues the trial court erred in awarding unreasonably high attorney fees, litigation expenses, expert witness fees, and paralegal fees under the CSPA. We disagree in part and agree in part.

Waiver

{¶ 28} We first address the estate's argument that Mega Pool has waived this argument for failure to challenge the award of attorney fees in the trial court. The estate supports its argument with reference to *L.A. & D., Inc v. Bd. of Lake Cty. Comm'rs*, 67 Ohio St.2d 384, 387, 423 N.E.2d 1109 (1981). That matter involved a question of waiver where appellants appealed from a denial of a motion for a new trial when there had been no trial. Rather, the trial court had granted appellee's motion for summary judgment. *Id.* 384. Because a trial did take place in this matter and because Mega Pool did challenge the award of attorney fees in its February 3, 2022 motion for a new trial, we find the argument preserved for appeal.

Standard of Review

{¶ 29} Mega Pool argues this matter is subject to de novo review. However, the only attorney fees awarded by the trial court were pursuant to appellee's CSPA claims. Judgment Entry Granting Plaintiff's Application for Attorney Fees and Awarding Damages filed January 7, 2022 at 4. R.C. 1345.09(F)(2) permits an award of reasonable attorney fees to the prevailing party where the supplier has knowingly committed an act or practice that violates the CSPA.[2] "[W]here a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991). We therefore review the award of attorney fees for an abuse of discretion. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

Determination of Attorney Fees Under the CSPA

{¶ 30} An award of attorney fees pursuant to R.C. 1345.09(F)(2) is calculated by the reasonable hourly rate multiplied by the number of hours reasonably expended on the case, a calculation sometimes referred to as the "lodestar." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), syllabus. There is a strong presumption that the amount arrived at using this formula is the proper amount for an attorney-fee award. *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 160 Ohio St.3d 32, 2020-Ohio-1056, 153 N.E.3d 30 ¶ 19.

---

[2] Whether Mega Pool knowingly violated the CSPA is not at issue here.

{¶ 31} Mega Pool first argues the award of $230,840.50 in attorney fees in this matter is excessive in comparison to the $84,000 in actual damages and shocks the conscience. The Supreme Court of Ohio, however, has rejected "the contention that the amount of attorney fees awarded pursuant to R.C. 1345.09(F) must bear a direct relationship to the dollar amount of the settlement, between the consumer and the supplier." *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 144, 569 N.E.2d 464 (1991). The court went on to explain that "[a] rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts." *Id*, quoting *Riverside v. Rivera*, 477 U.S. 561, 578, 106 S.Ct. 2686, 2696, 91 L.Ed.2d 466 (1986).

{¶ 32} Mega Pool does not argue the hourly rate used by the trial court is unreasonable, but rather that the entire award is unreasonable. Mega Pool characterizes the award as unreasonably high while ignoring the fact that the handing of this matter was lengthy and labor intensive. Beginning in July 2017, before a complaint was filed, counsel for the estate attempted to negotiate with and obtain a settlement with Mega Pool. Litigation in this matter followed and went on for more than two years; from June 2018 when the complaint was filed until September 2020. Further, as noted in the estate's December 20, 2021 application for attorney's fees, Mega Pool was initially represented by two separate firms, one defending against appellee's claims and the other pursuing Mega Pool's counterclaim until the counterclaim was dismissed in February 2019. The matter was also continued several times for mediation, ongoing discovery, and at the request of the parties. We therefore reject the argument that an attorney-fee award which exceeds the actual damages figure is excessive.

{¶ 33} Mega Pool also argues the trial court abused its discretion by awarding litigation costs, expert fees, paralegal fees, and non-CSPA related attorney fees. Mega Pool cites *Bryant v. Walt Sweeny Auto*, 1st Dist. Hamilton Nos. C-010395, C-010404, 2002-Ohio-2577 to support its argument that these fees are not recoverable under the CSPA. The *Bryant* court noted the Supreme Court of Ohio has found "litigation expenses cannot be taxed as costs, unless specifically provided for by statute." *Id.* at ¶ 42 citing *Centennial Ins. Co. v. Liberty Mutual Ins. Co.*, 69 Ohio St.2d 50, 430 N.E.2d 925 (1982) and *Cunningham v. Goodyear Tire & Rubber Co.*, 104 Ohio App.3d 385, 662 N.E.2d 73 (1995).

{¶ 34} Appellee counters citing *Hamilton v. Ball*, 2014-Ohio-1118, 7 N.E.3d 1241 wherein the court noted an award of attorney fees under the CSPA may include "fees at a lower rate * * * for work done by law clerks, legal interns, and paralegals." *Id.* at ¶ 81. T

{¶ 35} In *Jarmon v. Friendship Auto Sales Co, Inc*, 8th Dist. Cuyahoga No. 86589, 2006-Ohio-1587 the Eighth District noted:

> This court and other courts have held, that, legal fees incurred as a result of work performed by law clerks or legal interns should be taken into account when awarding attorney fees. As we stated in *Jackson v. Brown*, the use of law clerks may decrease litigation expenses since they are charged at a lower rate; therefore, their use should not be discouraged.

{¶ 36} *Id.* at 10 citing *Jackson v. Brown*, 83 Ohio App.3d 230, 232 (1992); *Non-Employees of Chateau Estates Resident Ass'n v. Chateau Estates, Ltd.*, 2d Dist. No. 2004 CA 19, 2003, CA 20, 2004-Ohio-3781; *Ron Scheiderer & Associates v. City of London* (Aug. 5, 1996), 12th Dist. No. CA95-08-022, CA95-08-024.

{¶ 37} Therefore, while paralegal fees may be included in attorney's fees, they should be charged at a lower rate.

Attorney Fees in This Matter

{¶ 38} First, when making the fee award under R.C. 1345.09(F)(2), the trial court must state the basis for the fee determination in order to aid appellate review of the reward. Here, the trial court stated it "accepts Plaintiff's application and the hourly rates charged by counsel as evidence of the prevailing market rate for legal representation of this nature in connection with similar cases." We note, however, neither the application nor the affidavit attached to appellee's application for attorney fees provide an hourly rate. Additionally, the application indicates work was performed in this matter by both attorneys and paralegals but provides no indication as to which tasks were performed by paralegals and would be subject to a lower hourly rate. Without clarification as to who performed the work at which hourly rates we are unable to properly review the appropriateness of the awarded fees. We remand the matter of attorney fees to the trial court for such clarification and recalculation if appropriate.

{¶ 39} Second, the application requests compensation for expert witness fees and litigation costs. While the above outlined authority supports a finding of an award of attorney fees for work performed by paralegals, it does not support a finding that expert fees and litigation costs are recoverable under the CSPA claim. The trial court in this

instance awarded both under the estate's CSPA claim. We find an award which is not provided for by the CSPA is an abuse of discretion. We therefore vacate the award of litigation costs and expert fees under the estate's CSPA claim.

{¶ 40} The second assignment of error is sustained in part and overruled in part.

III

{¶ 41} In its final assignment of error, Mega Pool argues it was denied its constitutional right to a jury trial. We disagree.

{¶ 42} "There is a clear constitutional right to a jury trial in civil law suits. See Section 5, Article I, Ohio Constitution; Seventh Amendment to the United States Constitution. The right to a jury trial may not be impaired, but it 'may be subject to moderate and reasonable regulation.' " *Skiadas v. Finkbeiner*, 6th Dist. No. L-05-1094, 2007-Ohio-3956, ¶ 23, quoting *Walters v. Griffith*, 38 Ohio St.2d 132, 133, 311 N.E.2d 14 (1974).

{¶ 43} It is undisputed that Mega Pool failed to comply with Delaware County Loc.R. 25.04 which requires a party desiring a jury trial to make a jury deposit at least 60 days before trial. The rule further states failure of a party to make a jury deposit shall be deemed as a waiver of the jury. Even so, according to Mega Pool the trial court violated its constitutional right to a jury trial because Tomlinson had made the required jury deposit and Mega Pool did not consent to Tomlinson's withdraw of her jury demand as required by Civ.R. 38(D).

{¶ 44} In *Walters v. Griffith*, 38 Ohio St.2d 132, 311 N.E.2d 14 (1974), the Supreme Court of Ohio held that "[l]ocal court rules, requiring an advance deposit as security for the costs of a jury trial and providing that the failure of a party to advance such deposit

constitutes a waiver of the right to a trial by jury, are moderate and reasonable regulations of the right of trial by jury, and are constitutional and valid." *Id.* at syllabus. The court found that the local rule was supplementary to Civ.R. 38(B). *Id.* at 133-134, 311 N.E.2d 14.

{¶ 45} While Mega Pool cites matters from other courts wherein a party that did not make a jury demand was permitted to rely on a party that did, the language of the Delaware County local rule at issue controls our analysis.

{¶ 46} Per the language of Delaware County Loc.R. 25.04, "if *a party* is seeking a jury trial in a civil case, *the party* must submit a $500 jury deposit * * " Emphasis added. As noted by the trial court, this language "places the burden to pay the jury deposit on any party that 'is seeking a jury trial.' "  Judgment Entry Denying Defendant's July 29, 2020 Motion to Hold Jury Trial in January 2021, August 6, 2020 at 3.  The trial court went on to note a defendant cannot "simply "piggyback" on a plaintiff's deposit, but rather must also make a jury deposit if the defendant wants a jury trial too." *Id.* We agree.

{¶ 47} The third assignment of error is overruled.

{¶ 48} The judgment of the Delaware County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.


By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.


EEW/rw