[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, Slip Opinion No. 2024-Ohio-1065.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1065

ESTATE OF TOMLINSON, APPELLEE, *v*. MEGA POOL WAREHOUSE, INC., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Estate of Tomlinson v. Mega Pool Warehouse, Inc.*, Slip Opinion No. 2024-Ohio-1065.]**

*Civil law—Civ.R. 38—Civil-jury-trial demands—Trial court's local rule did not require each party seeking a jury trial to pay a jury deposit—Under Civ.R. 38(D), a party may not unilaterally withdraw a jury demand—Court of appeals' judgment reversed and cause remanded to trial court.*

(No. 2023-0230—Submitted November 14, 2023—Decided March 26, 2024.)

APPEAL from the Court of Appeals for Delaware County,

No. 22 CAE 03 0020, 2023-Ohio-229.

_____

**DETERS, J.**

{¶ 1} Katherine Tomlinson[1] filed a complaint in the Delaware County Court of Common Pleas against Mega Pool Warehouse, Inc., and its president, Stephen Gold (collectively, "Mega Pool"), regarding the installation of a swimming pool and a deck. She included with her complaint a jury demand, and she later paid a $500 jury deposit, which was required by a local rule of the trial court.

{¶ 2} Eventually, Tomlinson withdrew her request for a jury trial; but Mega Pool still wanted a jury trial. The trial court determined that Mega Pool had waived its right to a jury trial because it had not paid a $500 jury deposit under the local rule, and the Fifth District Court of Appeals affirmed that judgment. But those courts' interpretation of the local rule conflicts with Civ.R. 38(D). Under Civ.R. 38(D), once a jury demand has been perfected under Civ.R. 38, it can be withdrawn only upon consent of all the parties. Mega Pool never consented to the withdrawal of the jury demand, so the trial court erred when it denied Mega Pool's request for a jury trial. We therefore reverse the judgment of the Fifth District.

## I. BACKGROUND

{¶ 3} In June 2018, Tomlinson filed a lawsuit against Mega Pool regarding the installation of a swimming pool and a deck. In her complaint, Tomlinson alleged breach of contract, breach of warranty, negligent workmanship, and violations of the Consumer Sales Practices Act, R.C. 1345.01 et seq. The specifics of Tomlinson's claims are not relevant to this appeal. What is relevant is that Tomlinson included with her complaint a jury demand and that, in July 2019, she paid a $500 jury deposit as required by Loc.R. 25.04 of the Delaware County Court of Common Pleas. Mega Pool did not separately request a jury trial or pay a jury deposit.

---

1. Tomlinson died while this matter was pending, and her estate was substituted as the plaintiff. The appellee here is thus the Estate of Katherine Tomlinson, which is referred to herein as "Tomlinson."

{¶ 4} The trial was rescheduled several times. A magistrate of the trial court held a teleconference with the parties on March 24, 2020. At that time, the magistrate told the parties that because of the COVID-19 pandemic, the jury trial then scheduled for May 5, 2020, would have to be rescheduled. The trial was rescheduled for September 8, 2020.

{¶ 5} The magistrate held another teleconference with the parties on July 20, 2020, after which the magistrate issued an entry stating that "the [m]agistrate discussed with the parties whether there had been any movement toward settlement, as well as whether a jury trial was still necessary or whether the matter could be resolved by a bench trial." Regarding the jury-trial issue, counsel for Mega Pool expressed that Mega Pool wanted a jury trial. But Mega Pool had not paid a jury deposit. The magistrate told the parties that because of the pandemic, it was unlikely that a jury trial could be held on September 8, as criminal jury trials would be given scheduling priority. The magistrate suggested that if the parties agreed, it might be possible to conduct a bench trial on September 8. According to the magistrate's entry, Tomlinson's counsel "indicated [that Tomlinson] would be open to this idea" but Mega Pool's counsel wanted to discuss the issue with Mega Pool. The magistrate rescheduled the jury trial for January 26, 2021. Additionally, the magistrate ordered "the parties [to] notify the Court on or before August 3, 2020 whether they would be willing to waive jury trial and conduct a bench trial on September 8, 2020." (Boldface and underlining deleted.)

{¶ 6} On July 28, 2020, the magistrate emailed the parties to let them know that the court could "go forward with a trial on September 8 with a visiting judge." The magistrate told the parties, "It is the Court's understanding that because [Mega Pool] has not made a timely jury deposit as required by local rule, this would be a bench trial; however, if [Tomlinson] does not object to a late jury deposit, we could hold a jury trial on [September 8]."

**{¶ 7}** Mega Pool filed a "Motion to Maintain January 26, 2021 Jury Trial," arguing that it had not waived its right to a jury trial and that Tomlinson could not withdraw her jury demand without its consent. Mega Pool also requested that the court maintain the January 26, 2021 jury-trial date rather than proceed with a trial on September 8, 2020. Tomlinson opposed Mega Pool's motion, explaining that "[p]rior to the September 24, 2019, trial date, [she] intended to try her case to a jury, and at that time she submitted a jury deposit in compliance with the local rules [but she] no longer wishes to exercise her right to a jury trial, and intends to seek a refund of that deposit." In Tomlinson's view, because Mega Pool had not paid the jury deposit required by Loc.R. 25.04, it had waived its right to a jury trial. Tomlinson also objected to Mega Pool's request to continue the trial date to January 26, 2021. In denying Mega Pool's motion, the court explained that because Mega Pool had not paid a jury deposit under the local rule, it had waived its right to a jury trial. The court also denied Mega Pool's request to continue the trial date.

**{¶ 8}** The case was tried to the bench on September 8 and 9, 2020. The trial court entered verdicts in favor of Tomlinson on her claims for breach of contract, breach of warranty, and violations of the Consumer Sales Practices Act and awarded Tomlinson damages and attorney fees. After the trial court denied Mega Pool's motion for a new trial, Mega Pool appealed to the Fifth District Court of Appeals.

**{¶ 9}** On appeal to the Fifth District, Mega Pool challenged the applicability of the Consumer Sales Practices Act to the case, challenged the awards of costs and attorney fees under the Consumer Sales Practices Act, and argued that the trial court had denied its right to a jury trial. The court of appeals affirmed the trial court's judgment in part and reversed it in part. 2023-Ohio-229, 206 N.E.3d 853, ¶ 48. Relevant here, it concluded that the trial court had not erred in denying Mega Pool's motion for a jury trial. *Id.* at ¶ 41-47. The court of appeals agreed with the trial court that Mega Pool was not permitted to " 'piggyback' " on Tomlinson's jury

deposit and was required to pay its own deposit to invoke its right to a jury trial. *Id.* at ¶ 46.

{¶ 10} Mega Pool appealed to this court, and we accepted its appeal on one proposition of law: "A civil litigant's constitutional right to a jury trial is violated where a trial court's local rule permits a party to withdraw a demand for a jury trial without consent of the parties." *See* 170 Ohio St.3d 1428, 2023-Ohio-1665, 209 N.E.3d 713.

## II. ANALYSIS

{¶ 11} Mega Pool contends that it was deprived of its right to a jury trial because Loc.R. 25.04 of the Delaware County Court of Common Pleas permitted Tomlinson to unilaterally withdraw her jury demand. But the language of Loc.R. 25.04 itself does not address withdrawal of a jury demand. Instead, the lower courts interpreted the rule to require payment of a jury deposit by each party seeking a jury trial and to allow unilateral withdrawal of a jury demand. That interpretation is not supported by the language of the rule and conflicts with Civ.R. 38.

### A. Civil-jury-trial demands

{¶ 12} To invoke the right to a jury trial, the party seeking a jury trial must serve a jury demand on the other party or parties "not later than [14] days after the service of the last pleading directed to such issue." Civ.R. 38(B). For parties to a case in the Delaware County Court of Common Pleas, Loc.R. 25.04 imposes an additional requirement: "If a party is seeking a jury trial in a civil case, the party must submit a $500 jury deposit to the clerk of courts at least 60 days prior to the scheduled trial date. If the case is resolved after the jury has been assembled, the deposit will be retained by the court. Failure to make the jury deposit will be deemed as a waiver of the jury." We have held that a local rule requiring a jury deposit is "a moderate and reasonable regulation of the right of trial by jury, and is

5

not an impairment of that right." *Walters v. Griffith*, 38 Ohio St.2d 132, 133, 311 N.E.2d 14 (1974).

**{¶ 13}** There is no question that Tomlinson properly invoked her right to a jury trial. She complied with both Civ.R. 38(B) and Loc.R. 25.04. She included with her complaint a jury demand, and as required by Civ.R. 38(B), the caption of the complaint stated, "**<u>JURY DEMAND ENDORSED HEREON</u>**" (boldface, capitalization, and underlining sic). The question is what was the legal effect of her decision to withdraw her demand for a jury trial. Both the trial court and the court of appeals determined that Tomlinson was permitted to unilaterally withdraw her jury demand because Mega Pool had not paid a $500 jury deposit as required by Loc.R. 25.04.

### B. *Loc.R. 25.04 does not require each party seeking a jury trial to pay a jury deposit*

**{¶ 14}** Tomlinson maintains that the issue in this case is not whether she was legally permitted to unilaterally withdraw her jury demand but whether Mega Pool was required to pay its own jury deposit to invoke its right to a jury trial. In her view, once she withdrew her jury deposit, no jury demand remained, because Mega Pool had not paid a $500 jury deposit. The trial court and the court of appeals agreed with that contention, concluding that if Mega Pool had wanted a jury trial, it should have paid its own deposit. *See* 2023-Ohio-229, 206 N.E.3d 853, at ¶ 46.

**{¶ 15}** For Tomlinson's contention to be correct, we would have to read Loc.R. 25.04 to mean that *each* party to a case who wants to invoke its right to a jury trial must pay a jury deposit. But Loc.R. 25.04 refers to "*a party* [who] is seeking a jury trial" and "*the party* [who] must submit a $500 jury deposit." (Emphasis added.) To find a requirement in the rule that each party seeking a jury trial must pay a jury deposit would add language to the rule that is not there. Once a party perfects a jury demand, the right to a jury trial is secured for all the parties.

*C. A party may not unilaterally withdraw a jury demand*

{¶ 16} The lower courts' conclusion not only wrongly reads Loc.R. 25.04 to require each party seeking a jury trial to pay a jury deposit but also would allow a party to unilaterally withdraw a jury demand. That conclusion conflicts with Civ.R. 38(D), which provides that "[a] demand for trial by jury made [under Civ.R. 38] may not be withdrawn without the consent of the parties." *See also* Civ.R. 39(A).

{¶ 17} During oral argument, counsel for Tomlinson maintained that Tomlinson did not unilaterally withdraw her jury demand but instead simply withdrew her jury deposit. That claim, however, is not borne out by the record. No request to withdraw Tomlinson's jury deposit was filed. And according to the trial-court docket, the deposit was not refunded to Tomlinson until January 10, 2022—three days after the trial court entered final judgment in the case. True, no withdrawal of Tomlinson's jury demand was filed. Rather, she stated in her memorandum in response to Mega Pool's motion to maintain the January 26, 2021 jury-trial date that she no longer wished to exercise her right to a jury trial. It appears that the trial court treated this as Tomlinson's withdrawal of her jury demand. And allowing that withdrawal without Mega Pool's consent violated Civ.R. 38(D).

### III. CONCLUSION

{¶ 18} Once Tomlinson filed a jury demand and paid the jury deposit required by the trial court's local rule, she could not withdraw the demand without Mega Pool's consent. Mega Pool was not required to pay an additional jury deposit. We therefore reverse the judgment of the Fifth District Court of Appeals and remand the case to the trial court for further proceedings.

Judgment reversed

and cause remanded to the trial court.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Hahn, Loeser & Parks, L.L.P., Marc J. Kessler, Michael R. Reed, and Elisé K. Yarnell, for appellee.

Young & Alexander Co., L.P.A., Jonathon L. Beck, Natalie M. E. Wais, and Anthony V. Graber, for appellants.

Janson & Riesen, L.L.C., and Kent D. Riesen, urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.

————————————